LYNN R. FIORENTINO (SBN 226691)
lynn.fiorentino@afslaw.com
SUSANNE BONIADI (SBN 341512)
susanne.boniadi@afslaw.com
**ARENTFOX SCHIFF LLP**
555 S. Flower St., 43rd Floor
Los Angeles, CA 90071
Telephone: 213.629.7400
Facsimile: 213.629.7401

Attorneys for Defendant
RAD POWER BIKES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ROBERT CONOHAN, individually and on behalf of all others similarly situated,

Plaintiff,

v.

RAD POWER BIKES, INC., a Washington corporation,

Defendant.

Case No. 2:25-cv-00106-PVC

**CLASS ACTION**

**DEFENDANT RAD POWER BIKES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

Judge: Hon. Pedro V. Castillo
Date Action Filed: January 6, 2025

Defendant Rad Power Bikes, Inc. ("**Rad Power Bikes**" or "**RPB**") answers the Complaint filed by Plaintiff Robert Conohan, individually, and on behalf of all others similarly situated ("**Plaintiff**"), with this Answer, along with affirmative defenses, as follows:

**RESPONSE TO JURISDICTION**

1. Answering Paragraph 1 of the Complaint, Rad Power Bikes lacks sufficient information to admit or deny the allegations with respect to the purported class and amount in controversy, and on that basis denies the allegations in Paragraph 1.

2. Answering Paragraph 2 of the Complaint, Rad Power Bikes admits that it regularly engages with legitimate customers and potential customers who may happen to be located in California through its website, but Defendant denies that Plaintiff had any legitimate purpose if and when he visited RPB's website or that he was in any way injured by visiting RPB's website. Except as expressly admitted, Rad Power Bikes denies the allegations in Paragraph 2.

3. Answering Paragraph 3 of the Complaint, Rad Power Bikes admits that it is authorized to conduct business in this District and does substantial business within this District. Except as expressly admitted, Rad Power Bikes denies the allegations in Paragraph 3.

**RESPONSE TO PARTIES**

4. Answering Paragraph 4 of the Complaint, Rad Power Bikes lacks sufficient information to admit or deny the allegations, and on that basis denies the allegations in Paragraph 4.

5. Answering Paragraph 5 of the Complaint, Rad Power Bikes admits that it is a Washington corporation that owns, operates, and/or controls www.radpowerbikes.com ("**Website**"), an online platform selling power bicycles and bicycle accessories.

6. Answering Paragraph 6 of the Complaint, Rad Power Bikes denies the

allegations in paragraph 6.

7. Answering Paragraph 7 of the Complaint, Rad Power Bikes denies the allegations in paragraph 7.

## RESPONSE TO FACTUAL ALLEGATIONS

8. Answering Paragraph 8 of the Complaint, Rad Power Bikes admits that it owns, operates, and/or controls www.radpowerbikes.com, an online platform selling power bicycles and bicycle accessories. Except as expressly admitted, Rad Power Bikes denies the allegations in Paragraph 8.

9. Answering Paragraph 9 of the Complaint, Rad Power Bikes denies that it installed on its Website software created by TikTok in order to identify website visitors (the "**TikTok Software**"). Rad Power Bikes lacks sufficient information to admit or deny the remaining allegations, and on that basis denies the allegations in Paragraph 9.

10. Answering Paragraph 10 of the Complaint, Rad Power Bikes lacks sufficient information to admit or deny the allegations, and on that basis denies the allegations in Paragraph 10.

11. Answering Paragraph 11 of the Complaint, Rad Power Bikes lacks sufficient information to admit or deny the allegations, and on that basis denies the allegations in Paragraph 11.

12. Answering Paragraph 12 of the Complaint, Rad Power Bikes lacks sufficient information to admit or deny the allegations, and on that basis denies the allegations in Paragraph 12.

13. Answering Paragraph 13 of the Complaint, Rad Power Bikes lacks sufficient information to admit or deny the allegations, and on that basis denies the allegations in Paragraph 13.

14. Answering Paragraph 14 of the Complaint, Rad Power Bikes lacks sufficient information to admit or deny the allegations, and on that basis denies the allegations in Paragraph 14.

15. Answering Paragraph 15 of the Complaint, Rad Power Bikes lacks sufficient information to admit or deny the allegations, and on that basis denies the allegations in Paragraph 15.

16. Answering Paragraph 16 of the Complaint, Rad Power Bikes admits only that Cal. Penal Code § 638.50(c) ("**CIPA**") speaks for itself, and RPB denies any characterization of CIPA inconsistent with the statute. Except as expressly admitted, Rad Power Bikes denies the allegations in Paragraph 16.

17. Answering Paragraph 17 of the Complaint, Rad Power Bikes lacks sufficient information to admit or deny the allegations, and on that basis denies the allegations in Paragraph 17.

18. Answering Paragraph 18 of the Complaint, Rad Power Bikes lacks sufficient information to admit or deny the allegations, and on that basis denies the allegations in Paragraph 18.

19. Answering Paragraph 19 of the Complaint, Rad Power Bikes denies the allegations of Paragraph 19.

20. Answering Paragraph 20 of the Complaint, Rad Power Bikes denies that the CIPA statutory sections at issue here are applicable to website operators and further denies that RPB has violated CIPA.

21. Answering Paragraph 21 of the Complaint, Rad Power Bikes lacks denies the allegations of Paragraph 21.

## RESPONSE TO CLASS ALLEGATIONS

22. Answering Paragraph 22 of the Complaint, Rad Power Bikes admits that Plaintiff brings this action individually an on behalf of all others similarly situated (the "**Class**") defined as: All persons within California whose identifying information was sent to TikTok as a result of visiting the Website within the limitations period. Except as expressly admitted, Rad Power Bikes denies the allegations in Paragraph 22 and further denies that class certification is appropriate in this case.

23. Answering Paragraph 23 of the Complaint, Rad Power Bikes lacks

sufficient information to admit or deny the allegations, and on that basis denies the allegations in Paragraph 23, and further denies that class certification is appropriate in this case.

24. Answering Paragraph 24 of the Complaint, Rad Power Bikes lacks sufficient information to admit or deny the allegations, and on that basis denies the allegations in Paragraph 24, and further denies that class certification is appropriate in this case.

25. Answering Paragraph 25 of the Complaint, Rad Power Bikes lacks sufficient information to admit or deny the allegations, and on that basis denies the allegations in Paragraph 25, and further denies that class certification is appropriate in this case.

26. Answering Paragraph 26 of the Complaint, Rad Power Bikes lacks sufficient information to admit or deny the allegations, and on that basis denies the allegations in Paragraph 26, and further denies that class certification is appropriate in this case.

27. Answering Paragraph 27 of the Complaint, Rad Power Bikes lacks sufficient information to admit or deny the allegations, and on that basis denies the allegations in Paragraph 27, and further denies that class certification is appropriate in this case.

**RESPONSE TO FIRST CAUSE OF ACTION**

28. Answering Paragraph 28 of the Complaint, Rad Power Bikes incorporates its responses to Paragraphs 1 through 27 as set forth above.

29. Answering Paragraph 29 of the Complaint, Rad Power Bikes admits only that Cal. Penal Code § 638.51(a) speaks for itself, and denies that RPB has or legally can violate this statute by operating its Website.

30. Answering Paragraph 30 of the Complaint, Rad Power Bikes admits that only that Cal. Penal Code § 638.50(c) speaks for itself, and denies that RPB can be using a “trap and trace device” on its Website.

31. Answering Paragraph 31 of the Complaint, Rad Power Bikes denies that it uses a trap and trace process by deploying the TikTok software on its Website. Except as expressly denied, Rad Power Bikes lacks sufficient information to admit or deny the allegations, and on that basis denies the allegations in Paragraph 30.

32. Answering Paragraph 32 of the Complaint, Rad Power Bikes admits only that CIPA speaks for itself. Except as expressly admitted, Rad Power Bikes lacks sufficient information to admit or deny the allegations, and on that basis denies the allegations in Paragraph 32.

## AFFIRMATIVE DEFENSES

Rad Power Bikes alleges the affirmative defenses set forth below as to Plaintiff's cause of action and claim for relief asserted in the Complaint, unless specified otherwise, and with respect to Plaintiff, each other individual on whose behalf Plaintiff purports to sue or purports to represent in this action, each member of any certified class or subclass or collective action (assuming the Court certifies any class, subclass, or collective action), or anyone who consents to join this action.

## FIRST AFFIRMATIVE DEFENSE

The Complaint, including Plaintiff's purported claim for relief in the Complaint, fails to state a claim upon which relief can be granted against Rad Power Bikes.

## SECOND AFFIRMATIVE DEFENSE

The Complaint is barred by the applicable statute of limitations, including, but not limited to California Code of Civil Procedure section 340(a).

## THIRD AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because the injuries and/or damages alleged in the Complaint were proximately caused by, occurred, and/or were contributed to by acts or failures to act by another party for which Defendant cannot be vicariously liable.

///

**FOURTH AFFIRMATIVE DEFENSE**

Some or all of the claims in the Complaint are barred are barred by doctrine of estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

The Complaint is barred by the doctrine of unclean hands and any relief requested by Plaintiff should be offset accordingly. More specifically, Plaintiff and their counsel engage in the same or similar conduct as they accuse Rad Power Bikes, including, but not limited to, obtaining website visitor data through Google Analytics, obtaining the "originating number" of the websites they visit, and using Google Chrome as a "trap and trace device" (as interpreted by Plaintiff) to identify the third parties with which Rad Power Bikes communicates. Neither Plaintiff nor Plaintiff's counsel obtain consent or a court order prior to collecting such information. Thus, Plaintiff and his counsel are in violation *of their own view* of CIPA.

**SIXTH AFFIRMATIVE DEFENSE**

The United States Constitution bars or limits the relief requested by Plaintiff, on his behalf and on behalf of the putative class, if and to the extent the relief would unfairly subject Rad Power Bikes to punishment and/or to an unfairly extreme remedy without advance notice or opportunity to protect itself, or the relief would amount to a taking, or the relief would be out of proportion to the alleged conduct, or the remedy is unrestricted by sensible standards, or the relief would have an unfair economic impact on Rad Power Bikes.

**SEVENTH AFFIRMATIVE DEFENSE**

CIPA Section 638.51 is unconstitutionally vague, discriminatory, overbroad, and an unreasonable time, place and manner restriction on speech because – under Plaintiff's interpretation of the law – it fails to provide any statutory authorization or defense for website operators *or* website visitors, or parties to electronic communications more generally, to, among other things, merely collect the "originating number" or other "signaling information" associated with electronic

communications they send and receive. More plainly, Plaintiff's interpretation of CIPA effectively criminalizes the use of websites and many other forms of modern communications. *See Beckles v. U.S.*, 137 S. Ct. 886, 892 (2017) (the Due Process Clause prohibits "taking away someone's … property under a criminal law so vague that it invites arbitrary enforcement" and penal laws that "encourage arbitrary and discriminatory enforcement" are unconstitutional). On information and belief, Plaintiff, Plaintiff's counsel, the Court and the Court personnel (in their personal capacities), every level of California government, and tens of millions of Californians collect the originating number and other signaling information associated with their electronic communications on a daily basis.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff provided Rad Power Bikes with his consent for the data sharing practices at issue, and further was not injured by merely visiting a website to set up this claim. On information and belief, Plaintiff and his counsel work together to identify websites to target in connection with their scheme to extort *in terrorem* settlements against thousands of website operators who incorporate widely deployed data analytics technologies, functionally no different than what Plaintiff's counsel publicly discloses they are doing on their own website. In so doing, Plaintiff and his counsel are violating their own interpretation of CIPA – a criminal law.

**NINTH AFFIRMATIVE DEFENSE**

This action is not appropriate for certification as a class action because the requirements of Rule 23 of the Federal Rules of Civil Procedure are not met, including, but not limited to, that Plaintiff's claims are not typical and individual issues predominate over issues common to the putative class, the putative class members Plaintiff seeks to represent are subject to agreements to arbitrate any claims that would be encompassed by Plaintiff's claims here, a class action is not superior

to other available methods for the fair and efficient adjudication of the controversy, and Plaintiff's counsel will not adequately represent the putative class.

**RESERVATION OF RIGHTS**

Rad Power Bikes thereby gives notice that it intends to rely upon any and all additional and separate affirmative defenses as such defenses may become available during discovery and/or investigation in this case, and thereby reserves the right to amend this Answer to assert such additional separate defenses.

**WHEREFORE**, Rad Power Bikes prays for judgment as follows:

1. That Plaintiff take nothing by reason of their Complaint therein;
2. That judgment be entered in favor of Rad Power Bikes;
3. For costs of suit incurred therein;
4. For such other and further relief as the Court may deem just and proper.

Dated: April 17, 2025 **ARENTFOX SCHIFF LLP**

By:/s/ Lynn R. Fiorentino
Lynn R. Fiorentino
Susanne Boniadi
Attorneys for Defendant
Rad Power Bikes, Inc.